Caruthers, J.,
delivered the opinion of the Court.
At the dissolution of the firm of Frierson and Fowler, engaged in business in New Orleans, they were indebted to John Toole in the sum of $10,409. Some months after the dissolution, Frierson and James T. Robinson, as the agent of Toole, come to a settle* ment, and Frierson executed notes at six, twelve, eighteen and twenty-four months time, in the name of the firm, for the amount in equal payments, when the following receipt was given at the foot of the stated account:
“New Orleans, Nov. 1, 1851.
“ Received of Frierson & Fowler, their notes as above described, for ten thousand four hundred and nine dollars and thirty-two cents, bearing 8 per cent, interest from date, in full for account up to date.
John Toole,
Per Jas. T. Robinson.”
It is proved that Robinson was agent of Toole, and refused to release Fowler by accepting the notes of Frierson without other personal security, and it was certainly his understanding, and perhaps that of *511 Frierson also, that Fowler would continue bound by the act of Frierson at that time, in signing the name of the firm, although it had then been dissolved, and this was known to all parties, and had been regularly published in one of the gazettes of the city, several months previous to this transaction. There can be no doubt but that both parties understood and intended that the notes should be in lieu of, and fully discharge the account. The receipt and other facts fully establish that. It must be regarded then, that there are two fixed facts in the case. 1. Both parties understood the notes to be in full' discharge of the account ; and, 2, that Fowler would be bound upon the notes as he was upon the account, by virtue of the firm signature by Frierson. It is agreed in the argument that the execution and receipt of a note for an account will extinguish it, if so intended by the parties, and such we have seen, was the intention here. Whether the execution of a bill or note not under seal, without regard to the intention of the parties, or in the absence of any proof of intention other than the fact evinced, would operate in law as an extin-guishment of the account, is a question upon which there is some discrepancy in the authorities, but need not now be decided, because, as we have said, there is no doubt but that it was the purpose and understanding of the parties that the account should no longer exist.
It is clear that the parties intended to look no more to the account, but only to the notes.
It is not controverted, that after the dissolution of a partnership one of the partners has no power to *512 bind the others by note or obligation, without a reserved authority for that purpose, and that a power to use the name of the firm in “ liquidation,” simply, does not authorize the signing of a bill or note in the firm name, even for an antecedent account.
In view then, of the facts of this case, and the principles of law applicable to them, Fowler cannot be made liable on the account, because that has been extinguished by the notes, with the understanding of both parties that it should have that effect, and not upon the notes, unless a mistake of the law as to the effect of receiving them in discharge of the account, will save the right of the creditor. The parties thought they were not discharging Fowler, but they did, and this mistake of the law cannot affect his rights in a transaction to which he was not a party. It is a general principle, too well settled to be more than suggested, that no one can avail himself of a mistake of the law. Here, then, was no mistake or uncertainty as to the facts, but simply a misunderstanding of the law by which the case would be governed. If, then, the legal consequence of what was done, was the discharge of Fowler from responsibility, the ignorance of the law on the other side, by which that effect would result, cannot change the rights of the parties, or deprive the defendant of any advantages to which he was, by operation of law, entitled.
This view of the case renders it unnecessary to examine the various questions made in argument on other points, as this must be decisive of the case according to the facts before us in the bill of exceptions.
Judgment reversed, and a new trial granted.